IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-02459-RPM

CONSTANCE VAN EATON,

     Plaintiff,

v.

LEE HECHT HARRISON,
LLC EMPLOYEE WELFARE PLAN,
ADECCO GROUP NORTH AMERICA, and
METROPOLITAN LIFE INSURANCE COMPANY d/b/a METLIFE,

     Defendants.

---

ORDER ON PLAINTIFF'S RULE 59(e) MOTION AND MOTION FOR AWARD OF ATTORNEY'S FEES AND MOTION FOR EXPENSES

---

A judgment was entered by the Clerk on January 13, 2009, pursuant to the Order Granting plaintiff's Motion for Judgment of the same date. That judgment was modified by Order Altering the Judgment on January 26, 2009, changing the amount of the statutory penalty payable by Adecco to $31,570.

On January 23, 2009, the plaintiff filed a motion to alter or amend the judgment under Fed.R.Civ.P. 59(e) to include an award of prejudgment interest at a rate of 6% per annum, compounded annually upon past benefits due under this Court's order and directing the defendant MetLife to determine the past due benefits within 14 days from the date of judgment.

The defendants filed a response on February 12, 2009, agreeing to the award of prejudgment interest but objecting to the deadline for determining the amount of the new monthly benefit. The defendants also filed a Notice of Appeal on February 12,

2009.  The Tenth Circuit Court of Appeals entered an order on March 3, 2009, abating the appeal pending this Court's ruling on the motion to alter or amend the judgment.

The calculation of the correct amount of the monthly disability benefit due under the LHH 2005 Document depends upon a determination of the amount of incentive bonus, excluding overtime and commissions paid to the plaintiff and MetLife has some discretion in making that calculation.  The defendant Adecco must provide the necessary information.  The plaintiff's argument that a time for making that determination should be set by the Court rather than relying on the defendants' position that it will do so in a reasonable time is persuasive.  Accordingly, the judgment will be amended to require the calculation to be made within 30 days.

The plaintiff also moved for an award of attorney's fees pursuant to 29 U.S.C. § 1132(g).  Applying the five factors analysis under *Gordon v. U.S. Steel Corp.,* 724 F.2d 106, 108 (10th Cir. 1983), the motion is denied.  The factual circumstances in this case are unique.  There is considerable confusion as to the particular benefit plan applicable to the plaintiff at the time of her disability as an employee of Lee Hecht Harrison, LLC, and the manner of her compensation beyond her stated salary.  The claim decision made by MetLife was not made in bad faith or within that degree of culpability as to warrant fees and Adecco as successor to the employer had an understandable confusion concerning the applicable plan as well as the method of calculating compensable bonuses.  The plaintiff also sought expenses that the Clerk did not award as costs under 28 U.S.C. § 1920.  The correct procedure was to file an objection to the Clerk's award and that was not done.

Upon the foregoing, it is

ORDERED, that the judgment entered on January 13, 2009, and amended by the order of January 26, 2009, is amended to require the defendant MetLife to determine the monthly disability benefit for the plaintiff and past due benefits with interest to be calculated within 30 days, and it is

FURTHER ORDERED, that the plaintiff's motions for attorney's fees (Doc. 50) and for expenses (Doc. 53) are denied.

DATED: April 7th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior District Judge